UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. BRADFORD AND GERARDO L. LINARDUCCI,<br><br>Defendants. | Civil No. 1:25-cv-07284-VMC |

**PLAINTIFF SECURITIES AND EXCHANGE
COMMISSION'S NOTICE OF ONGOING INVESTIGATION**

Plaintiff United States Securities and Exchange Commission ("SEC") respectfully submits this notice to advise the Court that its staff intends to continue investigating conduct of certain individuals and entities that are not parties to this action. For the reasons stated below, the filing of the Complaint should not restrict the SEC's ongoing efforts to determine whether non-parties have violated the securities laws and to fulfill its statutory responsibility of protecting investors.

As background, the SEC filed the Complaint in a related case against Drive Planning, LLC and Todd Burkhalter on August 13, 2024. (*See SEC v. Drive Planning*, Civil No. 1:24-cv-3583-VMC (N.G. Ga.), ECF No. 1.) The SEC alleged that Drive Planning and Burkhalter engaged in a Ponzi scheme in which they raised more than $300 million from investors. (*Id.*) The SEC also named Relief

Defendants who received proceeds from the allegedly fraudulent scheme. (*Id.*) The SEC sought emergency relief, including an asset freeze and the appointment of a Receiver, which the Court granted by consent. (*Id.*, ECF Nos. 2, 10-11.)

On December 19, 2025, the SEC filed the instant case against Defendants David Bradford and Gerardo Linarducci. (ECF No. 1.) The SEC alleges in the Complaint that Defendants Bradford and Linarducci also violated the federal securities laws as part of the Drive Planning Ponzi scheme. (*Id.*)

In light of the particular facts of these cases, SEC staff intend to continue investigating whether other individuals and entities not named as defendants or relief defendants violated the securities laws and/or received proceeds from the allegedly fraudulent activity at issue. SEC staff may, among other things, issue investigative subpoenas for documents and testimony, and the SEC staff may also continue to gather evidence provided on a voluntary basis.

The filing of these actions should not, and do not, prevent the SEC from continuing its investigation as to third parties. Section 21(a) of the Securities Exchange Act of 1934 grants the SEC independent authority to investigate potential securities law violations, including through the SEC's own subpoena power. *See* 15 U.S.C. § 78u(a). The filing of the Complaint does not abrogate that statutory authority. In fact, courts have long recognized that an administrative agency may use its independent subpoena power to investigate individuals and entities while litigation

is pending, at least where—as here—the agency is not using extra-judicial means to circumvent the discovery process in the pending litigation. *See, e.g.*, *Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.*, 5 F.3d 1508, 1518 (D.C. Cir. 1993); *Bowles v. Bay of N.Y. Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945); *SEC v. F.N. Wolf & Co., Inc.*, 1993 WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993); *SEC v. Life Partners Holdings, Inc.*, No. 12-cv-00033-JRN, 2012 WL 12850253, at *2 (W.D. Tex. Aug. 17, 2012).

The need for the SEC to continue its investigation is essential in this case. The SEC filed the initial suit on an emergency basis to preserve investor funds and to ensure that Drive Planning and Burkhalter did not engage in any further wrongdoing. In seeking such relief, the SEC did not foreclose the possibility that others may also have violated the securities laws and/or received proceeds from the allegedly fraudulent activity at issue. The SEC staff intends to continue investigating and evaluating whether there are any such individuals or entities. *See, e.g.*, *SEC v. Woods*, Civil Action No. 1:21-cv-3413-SDG (N.D. Ga.) (ECF No. 25 at 14) (permitting the SEC to continue its investigation after issuing preliminary injunction in Ponzi scheme case).

If, during its ongoing investigation, the SEC staff obtains documents or sworn investigative testimony that is discoverable in this litigation, the SEC will produce it

to the Defendants as requested in the normal course of discovery. The SEC may also utilize such information in accordance with its list of routine uses.

The SEC does not seek relief in this Notice. Although SEC staff generally do not disclose their investigative plans, in light of the particular facts and circumstances here, the SEC staff in their discretion wish to advise the Court of their intent to continue the investigation of non-parties which, for the reasons above, should not be prevented by the filing of this civil action.

Dated: January 20, 2026        Respectfully submitted,

/s/ Harry B. Roback
M. Graham Loomis (GA Bar No. 457868)
Pat Huddleston II (GA Bar No. 373984)
Harry B. Roback (GA Bar No. 706790)
U.S. Securities and Exchange Commission
950 East Paces Ferry Road, NE, Suite 900
Atlanta, GA 30326
Tel: (404) 942-0690
Facsimile: (404) 842-7679
RobackH@sec.gov

Attorneys for Plaintiff

## **CERTIFICATION OF COMPLIANCE**

  This is to certify that the foregoing was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 (B).

          <u>/s/ Harry B. Roback</u>
          Harry B. Roback

-2-

## CERTIFICATE OF SERVICE

     I hereby certify that on January 20, 2026, the foregoing was served on counsel of record for Defendants using the Court's ECF system.

                                        /s/ Harry Roback
                                        Harry Roback
                                        Senior Trial Counsel
                                        Securities and Exchange Commission

Case 1:25-cv-07284-VMC   Document 9   Filed 01/20/26   Page 6 of 6