FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
FEB 20 2026
KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: 1:25-cv-07284-VMC |
| v. | ) | |
| DAVID J. BRADFORD AND , GERARDO L. LINARDUCCI, Defendants. | ) | |

**DEFENDANT GERARDO L. LINARDUCCI'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Gerardo L. Linarducci ("Defendant" or "Mr. Linarducci") responds to the numbered paragraphs of the Complaint as follows. To the extent any allegation is not expressly admitted, it is denied.

**GENERAL RESPONSE AND DENIAL**

Statement of Gerardo Linarducci

Submitted in Response to SEC Allegations

I submit this statement to provide a factual account of my involvement with Todd Burkhalter and Drive Planning, LLC, and to clarify the scope of my authority,

knowledge, and participation. The statements herein are true and accurate to the best of my knowledge, information, and recollection.

1. Professional Background and Relationship

I have known Todd Burkhalter since approximately 2001, when we worked together at OneAmerica Life Insurance Company. We had a professional relationship.

2. Introduction to Drive Planning

In March 2022, I attended an informational and recruiting event hosted by Todd Burkhalter and David Bradford in St. Petersburg, Florida. During that event, Todd and David introduced Drive Planning's business structure and program offerings.

During the event Todd Burkhalter stated that Drive Planning's attorneys had reviewed these offerings and advised that they did not require securities registration. I relied in good faith on the representation that qualified legal counsel had reviewed and approved the structure.

3. Nature of My Role

My anticipated role related to regional business development and expansion into the Midwest. My activities were limited to marketing, recruiting, and operational planning for a potential office location.

I did not hold an ownership interest in Drive Planning.

4. Absence of Financial Control

I did not have authority over, or access to, any of the following:

· Company bank accounts or financial records

· Investment funds or investor capital

· Product structure or offering design

· Property acquisition or disposition

· Corporate decision-making authority

· Custody, control, or management of client or investor funds

I was not authorized to approve expenditures independently and did not possess company financial instruments such as a corporate credit card.

My role did not involve managing investments or handling money.

5. Real Estate Planning Activities

I assisted in identifying a potential office location in Fishers, Indiana and coordinated with local officials regarding zoning. I retained an architect and worked with outside legal counsel engaged for construction matters.

These activities related solely to a proposed office facility.

6. Personal Financial Participation Demonstrating Good-Faith Belief

I personally invested my own retirement savings accumulated over more than twenty years. Members of my immediate family also participated.

These actions reflect my genuine belief that Drive Planning's offerings were lawful and appropriate. They are inconsistent with any intent to mislead or harm others.

7. Absence of Intent, Knowledge, or Recklessness

At no time did I knowingly or recklessly participate in any unlawful securities activity.

I did not knowingly participate in a scheme to defraud others.

I did not design, structure, manage, control, or administer any investment program.

I did not possess material non-public information indicating regulatory violations.

I did not make independent legal determinations regarding securities classification.

My actions were based on representations made by company leadership and counsel.

Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

Gerardo Linarducci

## ANSWERS TO ALLEGATIONS

## OVERVIEW

1. Defendant denies any wrongdoing and denies the characterizations of conduct attributed to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the acts or intent of persons or entities other than Defendant and therefore denies those allegations.

2. Denied.

3. Defendant admits that Drive Planning identified Mr. Bradford as Chief Operating Officer. Defendant answers further by stating that he was an independent contractor and denies that he was a partner in Drive Planning or that he had any control over Drive Planning or others. Defendant denies the remaining allegations of paragraph 3.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## JURISDICTION AND VENUE

12. Defendant admits that the SEC purports to bring this action pursuant to federal securities laws as recited in paragraph 12. Defendant denies any entitlement to the relief sought.

13. Defendant admits that paragraph 13 recites jurisdictional statutes. Defendant does not contest subject-matter jurisdiction.

14. Defendant admits that the Complaint alleges use of the mails and instrumentalities of interstate commerce. Defendant denies any violation of law.

15. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's venue allegations as they pertain to others and therefore denies them.

16. Denied.

## THE DEFENDANTS

17. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and therefore denies them.

19. Defendant admits he is a resident of Indianapolis, Indiana; that he worked with Drive Planning beginning in or about July 2022; and that he resigned in or about August 2024. Defendant denies any implication of wrongdoing.

20. Defendant admits he worked in the financial industry for broker-dealers and previously held FINRA licenses but denies the remaining allegations.

21. Denied.

22. Defendant states that any invocation of constitutional rights speaks for itself, denies any improper inference, and denies the remaining allegations.

23. Denied.

## RELEVANT THIRD PARTIES

24. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

## FACTS

**Allegations of the REAL Ponzi Scheme**

27. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

28. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

29. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

30. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

31. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

32. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

33. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

34. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

35. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

37. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

39. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

40. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

41. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

**The Defendants' Alleged Role**

42. Defendant admits he was contracted as a 1099 Representative..

43. Admits

44. Admits that he was the lead person in charge of the Indianapolis, IN office.

45. Admits

46. Admits

47 Admits

48. Defendant lacks knowledge of when David Bradford started representing Drive Planning.

49. Admits

50. Admits

51. Admits.

52. Defendant lacks knowledge or information sufficient to form a belief about s how much David Bradford earned. I did not have access to any financial information regarding Drive Planning. Denied.

53. I have no knowledge of how much David Bradford's sales team earned. I did not have any access to that information.

54. I do not have any recollection of the amount of money I raised. I can not verify that amount.

55. I do not have any records nor recollection on the total earnings of the reps that I was in charge of.

56. Admits. I was paid for the work I was hired to do.

57. Admits.

58. Admits.

59. I have no knowledge of David Bradford's Earnings. I was not privileged to that information.

60. I have no knowledge of this.

61. No Knowledge of any information.

62. I believe that is correct.

63. Denie

64. Denie

65. That was my job description.

66. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

67. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

68. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

69. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

**Allegations that Defendants Make Millions from the Fraud**

70. I have no knowledge of this. Again I was not provided any information of the third party.

71. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

72. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

74. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

75. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

76. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

77. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

78. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

79. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

80. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

81. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them. (JP Morgan, Chase, Goldman Sachs, are investigated by the SEC, and they do not and did not stop selling products while under investigation.

82. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

83. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

84. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

85. Admit

86. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

87. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

88. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

89. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

90. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

91. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

92. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

93. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

94. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

95. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

96. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

97. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

98. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

99. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

100. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

101. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

102. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

103. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

104. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

105. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

106. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

107. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

108. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

109. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

110. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

111. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

112. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

113. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

114. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

115. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

116. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

117. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

118. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

119 Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

120. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

121. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

122. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

123. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

124. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

125. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

126. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

127. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

128. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

129. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

130. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

131. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

132. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

133. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

134. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

135. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

136. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

137. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

138. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

139. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

140. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

141. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

142. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

143. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

144. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

145. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

146. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

147. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

148. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

149. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

150. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

151. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

152. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

153. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

154. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

155. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

156. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

157. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

158. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

159. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

160. Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them.

**COUNTS I–VI**

172-192. Defendant denies the allegations contained in paragraphs 172 through 192, including all allegations of violations of Sections 17(a)(1), 17(a)(2), 17(a)(3) of the Securities Act; Section 10(b) of the Exchange Act and Rule 10b-5; aiding and abetting; Sections 5(a) and 5(c) of the Securities Act; and Section 15(a) of the Exchange Act. Defendant denies that Plaintiff is entitled to any relief.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, including but not limited to findings, injunctions, disgorgement, prejudgment interest, penalties, conduct-based injunctions, or any other relief.

**AFFIRMATIVE DEFENSES**

Without admitting any allegation and expressly denying liability, Defendant asserts the following defenses. Defendant reserves the right to amend or supplement these defenses as discovery proceeds.

First Affirmative Defense: Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense: Plaintiff cannot establish that Defendant acted with scienter, recklessness, or negligence as required for the claims asserted.

Third Affirmative Defense: Defendant acted in good faith and without intent to defraud, relying on information provided by others, and reasonably believed any statements to be accurate at the time made.

Fourth Affirmative Defense: Defendant exercised reasonable care under the circumstances and lacked knowledge of any material misstatement or omission.

Fifth Affirmative Defense: Some or all claims are barred in whole or in part by applicable statutes of limitations and/or repose.

Sixth Affirmative Defense: Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches.

Seventh Affirmative Defense: To the extent any "offer" or "sale" is alleged, Defendant denies such characterization; alternatively, any offers or sales were exempt from registration.

Eighth Affirmative Defense: Defendant did not act as a "broker," did not effect transactions for the account of others, and did not receive transaction-based compensation requiring registration.

Ninth Affirmative Defense: Any judgment must be reduced or offset by amounts received by Plaintiff or others from third parties, settlements, receiverships, or restitution.

Tenth Affirmative Defense: To the extent Plaintiff requests joint and several liability, disgorgement, prejudgment interest, and penalties, such remedies are limited and/or barred by applicable law and equitable principles.

Tenth Affirmative Defense: The remedies sought, including conduct-based injunctions and penalties, are punitive and barred or limited by due process and constitutional constraints.

**RESERVATION**

Defendant reserves all defenses available under the Federal Rules of Civil Procedure, including those that may become known through discovery.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

**PRAYER**

WHEREFORE, Defendant respectfully requests that the Court: (a) dismiss the Complaint with prejudice; (b) deny all relief requested by Plaintiff; (c) award Defendant his costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Gerardo L. Linarducci

2·20·26

Date: