**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br>**GERARDO L. LINARDUCCI, et al.**<br><br>**Defendants.** | **Civil No. 1:25-cv-07284-VMC** |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Securities and Exchange Commission ("Commission") and

Defendant Gerardo L. Linarducci respectfully submit this preliminary report and

discovery plan.[1]

1.     **Description of Case**:

**(a) Describe briefly the nature of this action.**

This is a civil enforcement action brought by the Commission against

Defendant Gerardo Linarducci ("Linarducci" or "Defendant").  The Commission

alleges that Defendant violated the federal securities laws by, among other things,

---

[1] Named defendant David Bradford has settled as to liability.  The court entered judgment as to him on December 23, 2025 (ECF 3), leaving only defendant Linarducci to litigate the issue of liability further.

soliciting investors with false and misleading information regarding investments in a Ponzi scheme operated by Drive Planning LLC.[2]

   **(b) Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

   Plaintiff's Summary:

   The Commission summarizes the facts of the case as follows:

   From 2020 through 2024 Russell Todd Burkhalter ("Burkhalter") and his company Drive Planning LLC ("Drive Planning") ran a Ponzi scheme.  Drive Planning sold investors unregistered securities through its "Real Estate Acceleration Loans" program ("REAL"), promising investors 10% returns every three months.  In reality, Burkhalter used investor funds to pay fictitious returns to earlier investors and to support his lavish lifestyle.

   Burkhalter did not act alone.  Defendant Linarducci was the Managing Partner of Drive Planning and head of its Indiana branch office.  In furtherance of the REAL scheme, Linarducci solicited investors in REAL; managed teams of sales agents who sold the investment; appeared in videos and social media posts

---

[2] In *SEC v. Drive Planning LLC, et al.,* 1:24-cv-03583-VMC, the Commission commenced an enforcement action against Drive Planning and its principal, Russell Todd Burkhalter. The Court appointed a receiver (ECF 10) who is administering the receivership estate. The Court has entered judgment of liability as to Burkhalter (ECF 102) in that action, pursuant to consent, with only monetary remedies left to adjudicate.

promoting Drive Planning's business; and conducted training sessions for agents to boost investments in REAL.

In connection with his sales of REAL, Linarducci told investors, among other things, that the promised 10% quarterly rate of return was guaranteed; that investors held an interest in underlying collateral as part of their investment; that Drive Planning partnered with real estate developers in profit-sharing agreements; and that profits from those partnerships funded the promised returns to REAL investors. Those representations were false, as Linarducci knew. Linarducci sold more than $13 million in REAL investments, and the sales team that he managed sold more than $30 million. Between 2022 and 2024, Drive Planning paid Linarducci approximately $7.5 million in total compensation.

Defendant's Summary:

As noted in the Answer, Defendant denies that he violated any law.

**(c)    The legal issues to be tried are as follows:**

    i.    Whether Defendant violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C § 78 j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

    ii.    Whether Defendant violated Section 15(a) of the Exchange Act [15 U.S.C § 78 o(a)];

3

iii.    Whether Defendant violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

iv.    Whether Defendant violated Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)];

v.    Whether Defendant aided and abetted violations of Section 10(b) of the Exchange Act [15 U.S.C § 78 j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)];

vi.    Whether the Commission is entitled to relief in the form of injunctions, including conduct-based injunctions, against Defendant pursuant to the Exchange Act and Securities Act;

vii.    Whether the Commission is entitled to an order requiring Defendant to disgorge all ill-gotten gains in connection with his alleged violations of the federal securities laws;

viii.    Whether the Commission is entitled to an order against Defendant pursuant to the Exchange Act and Securities Act requiring him to pay civil monetary penalties;

ix.    Whether the Commission is entitled to any additional relief.

**(d)**    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases: *SEC v. Drive Planning, LLC*, et al, 1:24-cv-03583-VMC.

(2)    Previously Adjudicated Related Cases:  Pursuant to consent, the court entered judgment against Burkhalter in the above-reference case. (ECF 102).  Only monetary remedies are left to adjudicate.

2.    This case is complex because it possesses one (1) or more of the features listed below (please check):

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
__X__ (4) Greater than normal volume of evidence
__X__ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
__X__ (11) Unusually complex discovery of electronically stored information

3.    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:   Harry B. Roback

Defendant: *Pro Se*

4.    **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes          _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.      Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

The parties are unaware of any such parties at this time.

(b)  The following persons are improperly joined as parties:

The parties are unaware of any such parties.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names have been omitted:

The names of the parties are properly stated.

(d)      The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary:

None anticipated.

(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of  discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties will exchange initial disclosures by May 1, 2026.

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Given that Defendant is *pro se*, plaintiff requests a scheduling conference and an order setting deadlines for close of discovery, expert reports, dispositive motions, consolidated pretrial order, etc.

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties believe that the issues on which discovery may be needed include, but are not limited to:

(a)    Whether the defendant committed securities fraud;

(b)    Whether the defendant sold unregistered securities;

(c)    Whether the defendant acted as an unregistered broker or dealer of securities;

(d)    Whether defendant received ill-gotten gains and, if so, the amount of those ill-gotten gains;

(e)    Whether the Defendant's defenses have merit; and

(f)    Whether the Commission is entitled to the relief against the Defendant sought in the Complaint.

9

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

At this time, the parties believe that discovery can be completed during the prescribed period (November 23, 2026).

**11. Discovery Limitation:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

(b) Is any party seeking discovery of electronically stored information?

_____X_____ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have conferred regarding the production of electronically stored information, have not agreed to express limitations on production, but do not have any disputes at this time.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable

Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have conferred regarding the format of the production of electronically stored information and do not have any disputes at this time.  The parties agree to confer regarding any issues with respect to the format for the production of any additional electronically stored information that may be produced in this matter.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

Plaintiff has requested a scheduling conference.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Plaintiff asks that the Court require any expert disclosures to be made by September 4, 2026, with rebuttal expert disclosures due by October 2, 2026.  The parties also anticipate asking the Court to enter a protective order that addresses the production and use of confidential information in this litigation.

### 13.  Privileged or Protected Material

Do the parties anticipate any issues about claims of privilege or of protection with respect to trial-preparation materials?

_____ Yes ____X____ No

### 14.    Settlement Potential:

(a) Lead counsel for the plaintiff certifies by his signature below that the parties conducted a Rule 26(f) conference that was held on March 12, 2026 and that lead counsel for plaintiff discussed settlement with defendant, participating *pro se*. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  Harry Roback, Senior Trial Counsel for the Commission

Other participants:  Pat Huddleston, Senior Trial Counsel

For Defendant: Gerardo Linarducci, *pro se*.

Other participants:  None

 (b) All parties were promptly informed of all offers of settlement and following discussion by defendant (*pro se)* and counsel for plaintiff, it appears that there is now:

(___X___) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) The parties (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

The parties have had discussions to determine whether they can resolve this matter without further Court intervention.  No specific problems have arisen, but the defendant will need time to consider the terms proposed by plaintiff.

**15.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

Dated:  March 31, 2026          Respectfully submitted,

/s/ Harry B. Roback
M. Graham Loomis (GA Bar No. 457868)
Pat Huddleston II (GA Bar No. 373984)

13

Harry B. Roback (GA Bar No. 706790)
U.S. Securities and Exchange Commission
950 East Paces Ferry Road, NE, Suite 900
Atlanta, GA 30326
Tel: (404) 942-0690
Facsimile:  (404) 842-7679
RobackH@sec.gov

14

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1B</u>

I hereby certify that the foregoing has been computer processed with 14-point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B

/s/ Harry B. Roback

Harry B. Roback

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing document by filing it with the Clerk of Court using the CM/ECF system and by sending it to Defendant Linarducci by email with his written permission.


/s/ Harry Roback
Harry Roback