UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382

Atlanta
Regional Office

May 26, 2026

**Via Electronic Case Filing**

The Honorable Victoria Marie Calvert
United States District Judge
Northern District of Georgia
Richard B. Russell Federal Building & United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

Re: *Securities & Exchange Commission v. Gerardo Linarducci, et al.*, Case No. 1:25-cv-07284-VMC (N.D.GA)

Dear Judge Calvert:

This responds to the Court's May 19, 2026 Order directing the Securities and Exchange Commission ("the Commission") to file a letter brief addressing: (1) Whether a determination of the dischargeability of debt under 11 U.S.C § 523(a)(19) exceeds the scope of the March 25, 2026 Order of the U.S. Bankruptcy Court for the Southern District of Indiana; and (2) Whether any aspect of the proposed consent judgment must be approved by the Bankruptcy Court under Fed. R. Bankr. P. 9019. As discussed more fully below, the SEC believes the answer to both questions is no.

In addition, last week the Commission rescinded its policy regarding denials of allegations in settled enforcement actions. Based on this recent development, which is also discussed more fully below, the Commission is submitting a revised proposed consent judgment that conforms to the Commission's rescission.

**Responses to Court's Questions About Bankruptcy Provisions**

**(1) Whether a determination of the dischargeability of debt under 11 U.S.C. § 523(a)(19) exceeds the scope of the March 25, 2026 Order of the U.S. Bankruptcy Court for the Southern District of Indiana?**

Response: The Commission does not believe a determination of the dischargeability of debt under 11 U.S.C. § 523(a)(19) exceeds the scope of the March 25, 2026 Order of the U.S. Bankruptcy Court for the Southern District of Indiana.

*The March 25, 2026 Order*

On February 16, 2026, Linarducci filed a motion (the "Motion") in Bankruptcy Court for an order to show cause why the Commission should not be held in contempt for violating the automatic stay. (See ECF No. 96, Case No. 25-03768-JMC-13 (Bankr. S.D. Ind.)). Linarducci argued that the monetary relief sought in the Commission's complaint – specifically, disgorgement of ill-gotten gains and civil penalties – violated the automatic stay. (Motion at ¶18). Linarducci claimed that government actions for monetary relief fall outside of the police-powers exception to the automatic stay.

On March 19, 2026, the Commission filed a response to the Motion (the "Response"). See Bankr. Case ECF No. 104. In its Response, the Commission cited established precedent holding that the police-powers exception allows the government to obtain the entry of a monetary judgment; only the enforcement of a money judgment is stayed. (See Response at ¶20) ("The only act that is not excepted (and thus, remains stayed) is the enforcement of a money judgment.")

On March 25, 2026, the Bankruptcy Court held a status conference on the Motion which led to the entry of the March 25 Order withdrawing the Motion. As reflected in that Order, counsel for the Commission gave assurances – consistent with the Response – that (i) the Commission would only liquidate its monetary claims while the automatic stay is in effect; (ii) if a monetary judgment is entered and the Bankruptcy Case is still open, then the Commission would amend its proof of claim to assert the proper amount; and (iii) the Commission would not take any other action to enforce a monetary judgment while the stay is in effect, absent stay relief from the Bankruptcy Court.

*The Consent and Proposed Consent Judgment*

On May 8, 2026, Linarducci signed a consent (the "Consent") to the entry of a proposed Consent Judgment. The form of Consent signed by Linarducci is the form that the Commission utilizes in substantially all of its district court actions regardless of whether the consenting defendant is in bankruptcy.

Paragraph 13(iv) of the Consent, which contains the language relating to dischargeability, states that Linarducci:

> "stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by the Defendant under the Consent Judgment or any other

> judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19)."

Article IX of the proposed Consent Judgment incorporates Linarducci's stipulation, by providing:

> "that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by the Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19)."

*Discussion*

Section 523 of the Bankruptcy Code contains nineteen (19) exceptions to discharge. The Bankruptcy Court has exclusive jurisdiction to determine whether a debt is excepted from discharge under three of those exceptions -- Sections 523(a)(2), (a)(4) and (a)(6). Actions under those three provisions must be filed in the bankruptcy court by a specified deadline. The Commission has not yet filed such an action, but the Bankruptcy Court has extended the Commission's deadline to do so. See Bankruptcy Case ECF No. 89.

The other sixteen (16) discharge exceptions (including the securities-related exception in Section 523(a)(19)) are self-effectuating, and a non-bankruptcy court has jurisdiction to determine whether a particular debt is excepted under any of those exceptions. See In re Everly, 346 B.R. 791, 795-796 (8th Cir. BAP 2006).

In the first part of Paragraph 13(iv) of the Consent, Linarducci stipulates that the allegations of the Complaint are true for purposes of any of the discharge exceptions. That portion of the stipulation does not seek or make any non-dischargeability determination. Rather, it is a limited admission by Linarducci that, in any non-dischargeability litigation, he will have agreed that the conduct alleged in the Complaint is true.

The second part of the stipulation states that any monetary relief that may be imposed by this Court constitutes a debt for Linarducci's violations of securities laws, for purposes of Section 523(a)(19).

The Commission believes that neither part of Paragraph 13(iv) exceeds the scope of the Bankruptcy Court's March 25, 2026 order. That order resolved the question raised in the Motion of whether the Commission's claims for monetary relief fell outside the police-powers exception to the automatic stay. That matter was resolved by the Commission confirming (consistent with its Response) the scope of the police-powers exception as it applies to monetary claims – *i.e.*, the Commission may obtain a money judgment, but cannot enforce that judgment outside of the bankruptcy process. Nothing in the Commission's assurances at the status conference was intended to expand the scope of the automatic stay, or to limit the police-powers exception.

The Paragraph 13(iv) stipulation is not an act by the Commission to enforce a money judgment outside of the bankruptcy process so as to fall outside of the police-powers exception to the automatic stay or the Bankruptcy Court's March 25, 2026 Order. Rather, Linarducci's Consent (and entry of the Consent Judgment) are acts towards obtaining the entry of a money judgment (which may be sought by further motion) in furtherance of the Commission's police-powers.

In addition, the Bankruptcy Court's March 25, 2026 Order does not prevent this Court from making a determination that any monetary relief that may be imposed is a debt for Linarducci's violations of the securities laws (and as noted above, this Court has jurisdiction to make that determination under Section 523(a)(19)). Nor does that Order preclude Linarducci from stipulating that, for purposes of exceptions to discharge, the conduct alleged in the Complaint is true.

**(2) Whether any aspect of the proposed consent judgment must be approved by the Bankruptcy Court under Fed. R. Bankr. P. 9019?**

<u>Response:</u> The Commission generally defers to a debtor's judgment on whether to obtain bankruptcy court approval to take certain actions. The Commission's view, however, is that the Consent, which does not consent to an amount of pecuniary relief, is likely not subject to Bankruptcy Rule 9019. And as discussed below, Rule 9019 does not, by its terms, apply to a Chapter 13 debtor such as Linarducci. However, the Commission has informed Linarducci's bankruptcy counsel of the Court's inquiry.

*Discussion*

Bankruptcy Rule 9019(a) states: "On the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

By its terms, Rule 9019(a) applies only to a "trustee." Fed. R. Bankr. P. 9019(a). Bankruptcy Rule 9001(b)(11) defines "trustee" to include "a debtor in possession in a Chapter 11 case," but does not expressly include a Chapter 13 debtor. Fed. R. Bankr. P. 9001(b)(11); In re Revels, 616 B.R. 675, 680 (Bankr. E.D.N.C. 2020) ("Notably, however, the definition of 'trustee' [in Rule 9001] does not include a 'debtor' in a Chapter 13 case."). Moreover, Bankruptcy Rule 9019(a) lists "the debtor" as one of the parties entitled to notice of the trustee's compromise or settlement. Fed. R. Bankr. P. 9019(a).

Courts have explained that a compromise or settlement involving a Chapter 13 debtor is not subject to Bankruptcy Rule 9019. See In re Williams, 631 B.R. 398, 399 (Bankr. D. S.C. 2021) (noting that approval of settlement by Chapter 13 debtor is not required). As the Revels court explained:

> "Case law applying Bankruptcy Rule 9019 to chapter 13 cases is sparse. The court is not aware of another reported case where a chapter 13 debtor was required to file a motion to approve compromise…. Although the court can see reasons why a debtor would want court approval of a settlement, on its face, Rule 9019 does not require a chapter 13 debtor to file a motion to approve compromise or settlement."

In re Revels, 616 B.R. at 681.[1] The Revels court noted, however, that nothing in the rule precludes a Chapter 13 debtor from seeking bankruptcy court approval of a settlement. Id. at 681, fn. 4. Thus, while Bankruptcy Rule 9019 likely does not apply, the Commission does not oppose bankruptcy court review of the settlement with Linarducci.

---

[1] In In re James, 210 B.R. 276 (Bankr. S.D. Miss. 1997), the bankruptcy court, without analyzing the text of Bankruptcy Rule 9019, ordered that any future settlement of a Chapter 13 debtor's lawsuit must be noticed to all of the debtor's creditors. Id. at 278.

**Proposed Revisions to Consent Judgment to Reflect Recent Commission Policy Rescission**

Additionally, the Commission is submitting herewith a revised proposed Consent Judgment given the Commission's recent rescission of its policy regarding denials of allegations in settled enforcement actions. The Consent originally signed by Linarducci contains a paragraph (Para. 13) reflecting what were the requirements of Rule 202.5(e) of the Commission's informal rules of procedures [17 C.F.R. § 202.5(e)], which provided that when the Commission chose to settle an enforcement action in which a sanction was imposed, the Commission would not settle unless the defendant or respondent also agreed not to publicly deny the allegations in the complaint or administrative order. See 91 Fed. Reg. 29892 (May 21, 2026). Paragraph 2 of the Consent also states that Linarducci enters into the consent "without . . . denying" the allegations of the complaint.

On May 18, 2026, the Commission rescinded the policy reflected in Rule 202.5(e) and stated that it will not enforce existing no-deny provisions that have already been entered. 91 Fed. Reg. 29892 & 29895 (May 21, 2026).

Accordingly, the only portion of paragraph 13 of Linarducci's Consent that should be incorporated into the Consent Judgment are the provisions regarding dischargeability in bankruptcy proceedings previously discussed. Those provisions regarding bankruptcy proceedings are not part of Rule 202.5(e), are not impacted by the Commission's rescission of the rule, and should be part of the Consent Judgment. Paragraph 2 of the Consent also refers to Linarducci not denying the allegations of the complaint, so that specific reference should not be incorporated into the Consent Judgment. No other provision of the Consent is impacted or changed by the Commission's rescission of Rule 202.5(e).

To reflect the foregoing, the Commission is submitting herewith a revised proposed Consent Judgment (plain and red-lined) that deletes the language (on p. 1) that Linarducci does not deny the allegations in the complaint and states that the only part of paragraph 13 of the Consent that is incorporated into the Consent Judgment is the language concerning bankruptcy proceedings.

The proposed changes do not prejudice the Defendant and indeed operate only to his benefit because they permit conduct that Rule 202.5(e) previously prohibited.

Respectfully,

*M Graham Loomis*
M. Graham Loomis
Supervisory Trial Counsel
Securities and Exchange Commission

Attachment: Proposed Consent Judgment (redline)
Proposed Consent Judgment (clean)

Copies to:

Gerardo Linarducci
Harley K. Means, Esq. (Bankruptcy Counsel for Linarducci)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID J. BRADFORD and GERARDO L. LINARDUCCI**<br><br>**Defendants.** | **Civil Action File No. 1:25-cv-07284-VMC** |

## CONSENT JUDGMENT (Redline)

The Securities and Exchange Commission having filed a Complaint and Defendant Gerardo L. Linarducci ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting ~~or denying~~ the allegations of the Complaint (except as to jurisdiction and as provided in Paragraphs VII and IX herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by using the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security unless Defendant is registered or is associated with a broker-dealer that is registered in accordance with Section 15(b) of the Exchange Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with

anyone described in (a).

**III.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) employing any device, scheme, or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of

any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from directly or indirectly, acting as or being associated with any broker or dealer – i.e., being a partner,

officer, director, or branch manager of such broker or dealer (or occupying a similar status or performing similar functions), directly or indirectly controlling, being controlled by, or being under common control with such broker or dealer, or being an employee or such broker or dealer.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**VII.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay disgorgement of ill-gotten gains and prejudgment interest thereon, and that Defendant shall pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement, prejudgment interest, and civil penalties upon motion of the Commission. Prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's

motion for disgorgement, prejudgment interest and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and prejudgment interest and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**VIII.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent, except for Paragraph 13 therein, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein. As to Paragraph 13 of the Consent, only those provisions relating to Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, are incorporated herein.

**IX.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**X.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**XI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _______________, _____

_______________________________________

UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID J. BRADFORD and GERARDO L. LINARDUCCI**<br><br>**Defendants.** | **Civil Action File No. 1:25-cv-07284-VMC** |

# CONSENT JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendant Gerardo L. Linarducci ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting the allegations of the Complaint (except as to jurisdiction and as provided in Paragraphs VII and IX herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by using the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security unless Defendant is registered or is associated with a broker-dealer that is registered in accordance with Section 15(b) of the Exchange Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with

anyone described in (a).

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) employing any device, scheme, or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of

any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from directly or indirectly, acting as or being associated with any broker or dealer – i.e., being a partner,

officer, director, or branch manager of such broker or dealer (or occupying a similar status or performing similar functions), directly or indirectly controlling, being controlled by, or being under common control with such broker or dealer, or being an employee or such broker or dealer.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**VII.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay disgorgement of ill-gotten gains and prejudgment interest thereon, and that Defendant shall pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement, prejudgment interest, and civil penalties upon motion of the Commission. Prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's

motion for disgorgement, prejudgment interest and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and prejudgment interest and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**VIII.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent, except for Paragraph 13 therein, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein. As to Paragraph 13 of the Consent, only those provisions relating to Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, are incorporated herein.

**IX.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**X.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**XI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _______________, _____

____________________________________

UNITED STATES DISTRICT JUDGE