# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DAVID J. BRADFORD and GERARDO L. LINARDUCCI**<br><br>**Defendants.** | **Civil Action File No.**<br>**1:25-cv-07284-VMC** |

## CONSENT JUDGMENT

The Securities and Exchange Commission having filed a Complaint and

Defendant Gerardo L. Linarducci ("Defendant") having entered a general

appearance; consented to the Court's jurisdiction over him and the subject matter

of this action; consented to entry of this Judgment without admitting the

allegations of the Complaint (except as to jurisdiction and as provided in

Paragraphs VII and IX herein); waived findings of fact and conclusions of law; and

waived any right to appeal from this Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by using the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security unless Defendant is registered or is associated with a broker-dealer that is registered in accordance with Section 15(b) of the Exchange Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with

anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND**

**DECREED** that Defendant is permanently restrained and enjoined from violating

Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §

77q(a)] by, in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use

of the mails, directly or indirectly:

(a)    employing any device, scheme, or artifice to defraud;

(b)    obtaining money or property by means of any untrue statement of a

material fact or any omission of a material fact necessary in order to make

the statements made, in light of the circumstances under which they were

made, not misleading; or

(c)    engaging in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser, by,

directly or indirectly, (i) creating a false appearance or otherwise deceiving

any person, or (ii) disseminating false or misleading documents, materials,

or information or making, either orally or in writing, any false or misleading

statement in any communication with any investor or prospective investor,

about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of

5

any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

6

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from directly or indirectly, acting as or being associated with any broker or dealer    i.e., being a partner,

officer, director, or branch manager of such broker or dealer (or occupying a

similar status or performing similar functions), directly or indirectly controlling,

being controlled by, or being under common control with such broker or dealer, or

being an employee or such broker or dealer.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs

also bind the following who receive actual notice of this Judgment by personal

service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant

or with anyone described in (a).

### VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND**

**DECREED** that Defendant shall pay disgorgement of ill-gotten gains and

prejudgment interest thereon, and that Defendant shall pay civil penalties pursuant

to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of

the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts

of the disgorgement, prejudgment interest, and civil penalties upon motion of the

Commission.  Prejudgment interest shall be calculated based on the rate of interest

used by the Internal Revenue Service for the underpayment of federal income tax

as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's

motion for disgorgement, prejudgment interest and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and prejudgment interest and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent, except for Paragraph 13 therein, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.  As to Paragraph 13 of the Consent, only those provisions relating to Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, are incorporated herein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  June 16, 2026

_____
VICTORIA MARIE CALVERT
UNITED STATES DISTRICT JUDGE

11